IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAR N. MARION,

                Plaintiff,                          ORDER

      v.                                    07-cv-243-bbc

CAPTAIN DYLON RADTKE,
SUPERVISOR JANEL NICHOLS
and LT. KELLER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated March 4, 2010, I granted the motion to withdraw filed by the counsel I had appointed for plaintiff War N. Marion in this prisoner civil rights case. Dkt. #33. I noted that plaintiff's "reactions to counsel's work [show] that he is unwilling to allow counsel to represent him in the manner they believe is most likely to allow him to prevail on his claims. Lawyers cannot work effectively if they are second-guessed by their clients at every stage of the proceedings." Now plaintiff has filed a document entitled "Motion for Recusal and Ineffective Assistance of Counsel." Dkt. #41. That motion will be denied.

      This is the second recusal motion plaintiff has filed. As with the first motion,

1

plaintiff relies on what he views as adverse rulings to support his claim of bias. However, as I explained to plaintiff in denying his first motion, judicial opinions rarely provide grounds for disqualifying a judge. Liteky v. United States, 510 U.S. 540 (1994); McLaughlin v. Union Oil Co. of California, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be."). The Supreme Court explained the rule in Liteky, 510 U.S. at 555:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Even "judicial remarks . . . that are critical or disapproving of, or . . . hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. See also Hook v. McDade, 89 F.3d 350, 355-56 (7th Cir.1996) (judge not disqualified for stating that party's motion was "offensive" and for generally being critical of motion). Plaintiff identifies nothing about any particular ruling that shows bias other than the simple fact that he did not like the result. That is not enough.

The only other ground for recusal is plaintiff's belief that I "appointed a family member of the magistrate judge Crocker to have counsel and other members of their firm

2

to act like they are working in the plaintiff's best interest but really for Barbara Crabb." In support of this allegation, plaintiff points out that one of his former lawyers has the same last name as the magistrate judge. However, the shared last name is a coincidence; the magistrate judge and plaintiff's former lawyer are not related. Accordingly, plaintiff's motion for recusal must be denied.

Much of plaintiff's motion is devoted to an argument that his former lawyers provided "ineffective assistance," but it is not clear what point he is trying to make. Civil litigants have no constitutional right to effective assistance of counsel, Stanciel v. Gramley, 267 F.3d 575, 581 (7th Cir. 2001), so any argument that his counsel's performances entitles him to additional relief could not go far. It may be that plaintiff is trying to show that the court should recruit new counsel for him, but he does not include such a request in his motion. In any event, nothing in his motion shows that he is entitled to additional assistance from the court.

Throughout his motion, plaintiff argues that his litigation strategy was superior to that of his counsel. Plt.'s Motion, dkt. #41, at 2 ("counse[l] failed to use the plaintiff['s] strategic decisions [which were] more relevant than theirs"); id. at 3 (stating that counsel used "irrelevant discovery questions" and criticizing counsel for failing to use discovery questions proposed by plaintiff); id. ("counsel did not have a sufficient strategy to win the plaintiff's claim"). Thus, it seems to be his own opinion that he does not need a lawyer to

come up with a litigation strategy or craft legal arguments. Rather, it may be that his view of the role of counsel is that they are simply to pay the costs of litigation without exercising any independent judgment. If so, he is misinformed. The purpose of appointment of counsel is not to shift costs, but to provide assistance to a litigant when "the difficulty of the plaintiff's claims [is greater than the] plaintiff's competence to litigate those claims himself." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Because plaintiff seems to be arguing that he has a clear idea how to litigate this case, a lawyer is not necessary.

Further, plaintiff's motion confirms the view that appointment of new counsel is not appropriate because plaintiff refuses to defer to counsel on matters of legal strategy. Although plaintiff cites many rules of professional conduct, none of them support his view that lawyers must blindly follow orders from their clients on those matters. As comment to SCR 20:1.2 states, "[c]lients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters." This is true in part because lawyers have a duty not just to their client, but also to the court to "expedite litigation," SCR 20:3.2, and to advance only those arguments they believe have factual and legal support. SCR 20:3.1. Thus, if a client cannot allow counsel to exercise her own judgment on technical, legal and tactical matters, counsel cannot do her job. Plaintiff does not seem to appreciate the fact that having appointed counsel is inconsistent with having complete control over every aspect of his case.

4

Plaintiff has chosen to have complete control rather than benefit from the judgment of capable and experienced lawyers.

Finally, plaintiff includes a sentence in his brief in which he "asks the court . . . for a copy of the March 3, 2010 2:00 pm telephone conference." Presumably, plaintiff is requesting a copy of the transcript of the conference at government expense. However, under 28 U.S.C. § 753(f), a party proceeding in forma pauperis is entitled to a free transcript only after the party files an appeal and the court determine that the appeal "is not frivolous (but presents a substantial question)." Accordingly, plaintiff may renew his request at the conclusion of the case if he decides to appeal the judgment. If plaintiff wishes to obtain a transcript before then, he may obtain a copy at his own expense by writing directly to the Court Reporters Office, United States District Court, 120 N. Henry Street, Madison, WI, 53703. He should submit payment in the amount of $36.50 (10 pages at $3.65 a page).

ORDER

IT IS ORDERED that plaintiff War N. Marion's "Motion for Recusal and Ineffective

5

Assistance of Counsel," dkt. #41, is DENIED.

Entered this 23rd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge