IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAR N. MARION,

        Plaintiff,                         ORDER

    v.                                  07-cv-243-bbc

CAPTAIN DYLON RADTKE,
SUPERVISOR JANEL NICHOLS
and LT. KELLER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In an order dated March 24, 2010, I denied plaintiff War N. Marion's motion for recusal. Now plaintiff has filed a document that he calls "Motion to Grant Stay to Resume with New Judge." Dkt. #45. In his motion plaintiff argues that, under 28 U.S.C. § 144, this court should have stayed the case immediately after he filed his recusal motion until a new judge could be assigned to it.

        Plaintiff seems to believe that all motions for recusal under § 144 must be granted, but he is wrong. As the court of appeals has explained,

> [t]he facts alleged in [plaintiff's] motion (and accompanying affidavits) must be legally sufficient and demonstrate the judge's personal bias or prejudice against a party. A court may only credit facts that are "sufficiently definite and particular to

1

convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." The factual allegations must fairly support the charge of bias or impartiality and must be specific—including definite times, places, persons, and circumstances. And while a court must assume the truth of the factual assertions, it is not bound to accept the movant's conclusions as to the facts' significance. Moreover, "[b]ecause the statute is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse."

Hoffman v. Caterpillar, Inc., 368 F.3d 709, 717-18 (7th Cir. 2004) (internal citations omitted).  As I explained in the March 24 order, plaintiff's only evidence of prejudice is that he disagrees with some of the rulings in this case, which is not enough.  Liteky v. United States, 510 U.S. 540 (1994).

Although I decline to stay the case, I will give plaintiff a short extension of time to respond to defendants' summary judgment motion.  Defendants filed that motion shortly after I granted plaintiff's counsel's motion for leave to withdraw.  Because plaintiff is now representing himself, he may need more time.  However, I advise plaintiff to focus on preparing his summary judgment response rather than continuing to file various documents expressing his belief about the unfairness of the proceedings.  Some of these documents are not even motions but simply "responses" to orders.  E.g., dkt. ##24 and 44.  These filings serve no purpose but to distract plaintiff from the substance of his case.  If plaintiff believes that any particular ruling is incorrect, he may appeal that decision once the proceedings in this court are finished.

ORDER

IT IS ORDERED that plaintiff War N. Marion's "Motion to Grant Stay to Resume with New Judge," dkt. #45, is DENIED. Plaintiff may have until May 3, 2010, to file a response to defendants' motion for summary judgment. Defendants may have until May 13, 2010 to file a reply.

Entered this 5th day of April, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge